IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE GONZALEZ BULA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-24-CV-213-FB |
| § | |
| LELAND DUDEK, ACTING § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION,[1] § | |
| § | |
| Defendant. § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on August 26, 2025 (docket #16). The CM/ECF system reflects that as of this date, no objections to the Report and Recommendation have been filed.[2]

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its

---

[1] Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." Id. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. See Heverling v. McNeil Consumer Pharmaceuticals, Co., Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. See FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner denying plaintiff's application for disability-insurance benefits and finding that the plaintiff is not disabled should be REVERSED and the case REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for reconsideration and further proceedings as discussed in the Report and Recommendation.

Accordingly, it is hereby ORDERED that the Report and Recommendation of the United States Magistrate Judge filed in this cause on August 26, 2025 (docket #16), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner denying plaintiff's application for disability-insurance benefits and finding the plaintiff is not disabled is REVERSED[3] and this matter REMANDED to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for reconsideration and further proceedings as discussed in the Report and Recommendation.

IT IS FURTHER ORDERED that the Clerk forward a certified copy of this order to the Commissioner of the Social Security Administration, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 10th day of September, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[3] The undersigned makes no determination as to whether the plaintiff is disabled.